**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30100 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00103-RMP |
| v. | |
| CHARLES JOSEPH REEVIS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief Judge, Presiding

Submitted April 22, 2015**

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Charles Joseph Reevis appeals from the district court's judgment and

challenges the 41-month sentence imposed following his guilty-plea conviction for

assault with a dangerous weapon in Indian Country, in violation of 18 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 1153(a) and 113(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reevis contends that the district court procedurally erred by failing to explain adequately the sentence and by failing to respond to his sentencing arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Reevis's arguments and sufficiently explained the sentence. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The record further belies Reevis's contention that the district court presumed that the Guidelines were reasonable.

Reevis next contends that his sentence is substantively unreasonable in light of the mitigating factors and because he did not receive custody credit for time spent in tribal custody. The district court did not abuse its discretion in imposing Reevis's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense and the need to protect the public. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The

weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**